UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINN H. JOHNSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CAUSE NO. 3:18-CV-111 RLM ) (Arising out of 3:14-CR-54 RLM-MGG) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

OPINION and ORDER

Linn H. Johnson pleaded guilty to possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(b). The court sentenced Mr. Johnson to a term of 144 months' imprisonment and five years' supervised release. The judgment was affirmed on appeal, and Mr. Johnson is now before the court requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 102]. For the following reasons, the court denies Mr. Johnson's motion.

I. Background

In 2013, Mr. Johnson lived in Michigan City, Indiana with various family members in a house that functioned as pseudo-daycare. Children were regularly in the house, including Mr. Johnson's seven-year-old niece. While living there, Mr. Johnson transmitted child pornography to an undercover Michigan City police detective. After transmitting the child pornography, investigators issued a subpoena to the Internet Protocol ("IP") provider of the IP address used to

1

transmit pornography. The IP address subscriber was identified as Mr. Burton Johnson. Police were also able to secure an actual physical address.

Police observed the residence associated with Mr. Burton Johnson, the pseudo-daycare house, and determined that certain vehicles at the house were registered to Mr. Burton Johnson. On December 6, 2013, police investigators sought a warrant in state court for a search of the residence. Probable cause was found to support the search, and police executed the warrant a week later. The found more than 1,500 images and 65 videos of child pornography.

The occupants of the house – Mr. Burton Johnson, Mr. Linn Johnson, and Mr. James Miller – were taken to the Michigan City police station. Mr. Linn Johnson waived his *Miranda* rights and admitted to downloading child pornography. A search of Mr. Linn Johnson's laptop computer revealed numerous pornographic images of children. Mr. Johnson further admitted that the other people in the house weren't involved with the child pornography. Mr. Johnson was charged with two counts of distribution of child pornography and one count of possession of child pornography. Mr. Johnson latter pleaded guilty to possession of child pornography and was sentenced to 144 months imprisonment and 5 years of supervised release.

On appeal, Mr. Johnson challenged two of the court's sentencing decisions. First, Mr. Johnson argued that the court erred in assessing a five-level enhancement for engaging in a pattern of sexual abuse of a minor and for refusing to grant his own acceptance of responsibility. Second, he argued that the court erred in relying on hearsay when assessing the five-level enhancement.

2

The court of appeals rejected both arguments and affirmed. United States v. Linn Johnson, 684 Fed. Appx. 571 (7th Cir. 2017).

II. Discussion

Mr. Johnson contends: 1) that the search warrant of his premises was unconstitutionally obtained 2) that the search warrant was unconstitutionally executed; 3) that he was unconstitutionally arrested; 4) that his *Miranda* rights were violated; and that 5) he was subject of cruel and unusual punishment as a result of certain findings at sentencing. When a motion is filed 28 U.S.C. § 2255:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After reviewing the record in this case, the court finds that Mr. Johnson's petition can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

*A. Search Warrant*

Mr. Johnson first argues that the court should vacate his conviction because it was due, in part, to a search warrant that was obtained and executed in violation of his Fourth Amendment rights. Mr. Johnson argues that the search

3

warrant lacked probable cause and that it was overbroad. Because Mr. Johnson didn't file a motion to suppress his statements before trial and didn't raise this issue on direct appeal or provide cause for not doing so, the court can't reach the merits of this collateral attack.

If Mr. Johnson believed that a law enforcement officer obtained the warrant without probable cause or that the warrant was overbroad, he was required to file a motion to suppress before trial. *See* Fed. R. Crim. P. 12(b)(3)(c). He didn't file a motion to suppress before trial or before pleading guilty, sohe waived any suppression argument unless he can show good cause. Fed. R. Crim. P. 12(c)(3); United States v. Cardena, 842 F.3d 959, 988 (7th Cir. 2016). And because Mr. Johnson didn't pursue an appeal on this issue, he can't raise it "on collateral review unless [he] shows cause and prejudice," Massaro v. United States, 538 U.S. 500, 504 (2003), or actual innocence. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017). Mr. Johnson offered no cause for not moving to suppress the confession before trial or pursuing an appeal on that issue and doesn't argue actual innocence, so he is barred from raising a claim that his conviction was obtained by a deficient search warrant in a collateral attack. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988.

Mr. Johnson's only other avenue is to argue that his attorney provided him ineffective assistance of counsel in not moving to suppress the search warrant To prevail on an ineffective assistance of counsel claim, Mr. Johnson must show both that his attorneys' performance "fell below an objective standard of

4

reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet: Mr. Johnson must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Johnson] of a fair [result]." Strickland v. Washington, 466 U.S. at 687. Mr. Johnson "bears a heavy burden" in proving that his counsel was consitutionally ineffective. Barker v. United States, F.3d 629, 633 (7th Cir. 1993).

Courts recognize strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v.

5

Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

Mr. Johnson argues that his counsel was unconstitutionally ineffective because his attorney didn't challenge the allegedly unconstitutional search warrant. It is first argued that the Michigan City police detective, Matthew Barr, did not address the obscene nature of the materials during the probable cause hearing that was required to obtain the warrant. Mr. Johnson cites United States v. Black, 356 F. Supp. 366 (W.D.N.Y Feb, 8, 2973) for the proposition that a showing of obscenity is required. Black however, concerned a specific potential obscenity prosecution in which the government received *ex-parte* orders and allowed for a mechanism for which the defendants could contest the issue of obscenity. Id. at 368. Such a process has never been applied to warrants relating to child pornography. Mr. Johnson hasn't sought, throughout any part of this case, to litigate the issue of whether the images recovered by the search warrant were pornographic in nature.

Alternatively, Mr. Johnson's argument could be construed as attacking the deficiency in Detective Barr's testimony that was used to secure the warrant. It is contended that Detective Barr didn't adequately describe the nature of the child pornography during the warrant hearing. An affiant must describe evidence of child pornography in sufficient detail to determine that the images are child pornography when seeking a warrant. United States v. Griesbach, 540 F.3d 654, 656 (7th Cir. 2008). This normally involves describing the nature of the pornographic material, but such a description isn't required if other evidence

supports a determination that the material is child pornography. United States v. Clark, 668 F.3d (7th Cir. 2012).

Such arguments raise the question of whether Mr. Johnson's attorney should have challenged the warrant and if so, whether Mr. Jonson's attorney was constitutionally ineffective for not doing so. For Mr. Johnson to successfully allege this, he must overcome the "strong presumption" that follows the "wide range of reasonable professional assistance" offered by his attorney. Strickland, 466 U.S. at 689. The court must look at the reasonableness of the attorney's decision at the time of making such decision. Strickland v. Washington, 466 U.S. at 690.

A detailed letter from Mr. Johnson's attorney to Mr. Johnson regarding potential issues with the search warrant clearly shows that the attorney thoroughly considered whether to move to suppress the warrant. The attorney ultimately concluded that there were no defects in the oral application for the warrant, no issue of staleness, and no issues regarding a good-faith reliance on the warrant during its execution.

Even if Mr. Johnson could demonstrate that his counsel's failure to move to suppress the search warrant failed the performance prong of Strickland, he can only succeed on this claim if he can also show prejudice. "To establish prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694). "Here, that means [Mr. Johnson]

7

must show that . . . there was a 'reasonable probability' that he would have been acquitted." United States v. Berg, 714 F.3d 490, 497 (7th Cir. 2013) (quoting Rastafari v. Anderson, 278 F.3d 673, 689 (7th Cir. 2002)). Mr. Johnson can't meet this burden.

The six-month gap between the transmission of child pornography and the execution of the search warrant doesn't raise a staleness issue. As Mr. Johnson's attorney explained, United States v. Prideaux-Wentz, 543 F.3d 954 (7th Cir. 2008) held a timeframe of four years sufficient for staleness. Further, Mr. Johnson's attorney explained that the good-faith exception allows officers to rely on a court's finding of probable cause even when the determination was based on stale information. United States v. Prideaux-Wentz, 543 F.3d at 956; United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002). Mr. Johnson's attorney believed that the search warrant was constitutionally obtained and executed, and his decision not to move to suppress was reasonable. Strickland v. Washington, 466 U.S. at 688-693. His attorney also correctly assessed each issue concerning the search warrant – any attack faced persuasive precedent that supported the governments obtaining and execution of the warrant. The attorney's decision therefore did not prejudice Mr. Johnson and his counsel was not constitutionally ineffective. United States v. Berg, 714 F.3d at 497; United States v. Best, 426 F.3d at 945.

*B. Arrest and Miranda Rights*

Mr. Johnson next argues that the court should vacate his conviction because was arrested in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Mr. Johnson argues that the arrest was unconstitutional because it was based on a deficient search warrant and that certain incriminating statements were obtained without him being notified of his *Miranda* rights. Mr. Johnson also alleges that he was tricked or coerced into signing a *Miranda* waiver.

As with the search warrants, the court can't reach the merits of this collateral attack because Mr. Johnson didn't move to suppress his statements before trial and didn't raise this issue on direct appeal or provide cause for not doing so,. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988. So Mr. Johnson must, and does, argue that his counsel was unconstitutionally ineffective because his attorney didn't move to suppress evidence, including a confession, resulting from his arrest.

There is some discrepancy in the record as to whether Mr. Johnson was detained or arrested. At the time of the arrest or detention, a group of individuals at Mr. Johnson's maintained residence were questioned. While the other individuals were later released after questioning, Mr. Johnson was not. Even if Mr. Johnson was arrested from the moment he was taken from his residence, his arrest does not appear unlawful and his counsel was not ineffective for not challenging it. Warren v. Baenen, F.3d 1090, 1104 (7th Cir.

2013). If Mr. Johnson was arrested sometime during his detainment, such an arrest would also be lawful. McDaniel v. Polley, 847 F.3d 887 (7th Cir. 2017) (probable cause can arise for a lawful arrest during detention).

Mr. Johnson's counsel was not ineffective for not challenging his confession. Mr. Johnson's confession was attenuated enough from the alleged unlawful arrest to be "sufficiently an act of free will to purge the primary taint" of the arrest. McDaniel v. Polley, 847 F.3d at 894 (quoting Brown v. Illinois, 422 U.S. 590, 602 (1975). Courts generally look to a number of factors in considering attenuation including: "[t]he temporal proximity of the arrest and confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct." Brown v. Illinois, 422 U.S. at 603-604.

While Mr. Johnson's confession came soon after his arrest, two intervening factors suggest sufficient attenuation. First, officers read Mr. Johnson's his *Miranda* rights while he was detained, stating that although he was not under arrest at the time, the officer wanted Mr. Johnson to be aware of his rights. Second, officers had probable cause to arrest Mr. Johnson at some point during the detainment when his computers were searched and child pornography was found. This information was gained from a valid search warrant and not the allegedly unlawful arrest. This information was gained before the reading of Mr. Johnson's *Miranda* rights and known to both the interviewing officer who obtained the confession and the defendant. These circumstances support Mr. Johnson's counsel's decision not to move to suppress the confession. McDaniel v. Polley, 847 F.3d at 894-895.

The inquiry also considers the officers' conduct. McDaniel v. Polley, 847 F.3d at 895. This factor is aimed at deterring bad-faith official behavior. Utah v. Streiff, 136 S.Ct. 2056, 2062 (2016). The record shows that the conduct of the officers was neither purposeful nor flagrant. The interviewing officer explicitly told Mr. Johnson that he wasn't under arrest. Others that were detained during the search of Mr. Johnson's residence were released. Mr. Johnson himself asked if he could leave with these individuals. The circumstances don't support a determination that officers acted in bad faith by detaining, and later arresting, Mr. Johnson.

As to the defective *Miranda* waiver, Mr. Johnson was read his *Miranda* rights when the interview began. The interviewing officer acknowledged Mr. Johnson's learning disability and instructed Mr. Johnson to stop him if there was any confusion in the reading of his rights.[1] The interviewing officer further told Mr. Johnson that he could stop the answering questions at any time and Mr. Johnson replied affirmatively to this statement. Mr. Johnson then read the last line of the *Miranda* waiver, stating that he was willing to answer questions without his lawyer present.[2] The interviewing officer then told Mr. Johnson as to the nature of investigation. The officer, or any other officer, was not required to

---

[1] Mr. Johnson's Presentence Investigation Report stated that he "did not present any significant symptoms of mental illness" and that he "appeared stable and did not appear in need of any psychiatric treatment."

[2] Mr. Johnson has a number of recorded arrests and has had numerous contacts with the criminal justice system. "Substantial experience with the criminal justice system" is a factor this court can consider when determining whether a *Miranda* waiver was deficient. United States v. Brown, 664 F.3d 1116, 1118 (7th Cir. 2011).

read Mr. Johnson *Miranda* warnings in subsequent interviews. United States v. Edwards, 581 F.3d 604, 606-607 (7th Cir. 2009) (compiling cases).

Considering the totality of the circumstances, it doesn't appear that Mr. Johnson's *Miranda* waiver was obtained via trickery or coercion. United States v. Brown, 664 F.3d 1116, 1118 (7th Cir. 2011); United States v. Smith, 218 F.3d 777, 781 (7th Cir. 2000) (waiver "may be inferred from the defendant's understanding of [his] rights coupled with a course of conduct reflecting [his] desire to give up [his] right[s]."); Johnson v. Pollard, 559 f.3d 745, 753 (7th Cir. 2009). Defense counsel's failure to seek suppression of evidence related to Mr. Johnson's arrest didn't fall below the standard set out in United States v. Strickland and the decision didn't prejudice Mr. Johnson. Strickland v. Washington, 446. U.S. 687-688; United States v. Berg, 714 F.3d at 497; United States v. Best, 426 F.3d at 945.

*C. Cruel and Unusual Punishment*

Mr. Johnson further argues that he suffered cruel and unusual punishment due to a five-level guideline enhancement found at sentencing. Mr. Johnson argues that the enhancement has caused him to be punished for uncharged, unsubstantiated conduct resulting in him being imprisoned. Mr. Johnson says the court should have applied U.S.S.G. § 2A3.1(1) which is a guideline violation of 18 U.S.C. § 2241. Mr. Johnson was sentenced under U.S.S.G. § 2G2.2. Despite Mr. Johnson's contention to the contrary, the five-level enhancement found at sentencing under U.S.S.G. § 2G2.2(b)(5) applies

"whether or not the abuse or exploitation [...] resulted in conviction." U.S.S.G. § 2G2.2.

This issue should have been raised on direct appeal. Since it wasn't, and Mr. Johnson has not shown neither cause nor prejudice, he cannot now attack the issue collaterally. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988. To the extent that Mr. Johnson argues that the conditions of his current incarceration amount to cruel and unusual punishment due to Bureau of Prisons action or policy, such motion for relief must be brought in the jurisdiction in which Mr. Johnson is currently held. United States v. Choiniere, 2012 WL 1424413 (N.D. Ind. April 23, 2013) (compiling cases).

### III. CONCLUSION

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 102].

SO ORDERED.
ENTERED:  May 23, 2019

    /s/ Robert L. Miller, Jr.
Judge, United States District Court